UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA WILLIAMS,                                    Case No.: 2:20-cv-12268

     Plaintiff,                                   Honorable

  v.

COLONY BRANDS, INC.,

     Defendant.
_____/

Tarek N. Chami (P76407)
CHAMI LAW, PLLC
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
T: (313) 444-5029
tarek@chamilawpllc.com

David A. Chami (AZ No. 027585)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
david@pricelawgroup.com

*Attorneys for Plaintiff*
*Paula Williams*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Paula Williams ("Plaintiff"), through her attorneys, alleges the following against Colony Brands, Inc., ("Defendant"):

//

//

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

# JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of Oakland, State of Michigan.

8. Defendant is a catalog company engaged in the business of issuing credit cards, with their principal place of business located in Monroe, Wisconsin. Defendant can be served with process at 1112 7th Avenue, Monroe, WI 53566.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff is disabled and cannot work. Due to her disability, Plaintiff's sole source of income derives from social security disability benefits.

11. As a result, Plaintiff was only receiving enough money to pay for necessities leaving her unable to keep up with her monthly payments on her account with Colony Brands, Inc.

12. In or around October of 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 7961, in an attempt to collect an alleged debt. The calls placed by Defendant originated from the following number: (877) 996-4142.

13. On or about October 28, 2019 at 1:11 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (877) 996-4142.

14. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Midnight Velvet account.

15. On this call, Plaintiff explained to Defendant's representative that she was unable to pay because of her financial limitations and unequivocally revoked consent to be called any further and requested to only be contacted by mail in the future. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff on her cellular phone.

16. Defendant's incessant calls continued nearly every day until June 8, 2020.

17. Between October 28, 2019 and June 8, 2020, Defendant called Plaintiff daily no less than two hundred and thirty-one (231) times.

18. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

19. Upon information and belief, Defendant called Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

20. Defendant's daily calls to Plaintiff's cellular phone was a constant reminder of her financial struggles, exacerbating Plaintiff's stress and anxiety.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

//

//

//

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

22.   Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-one (21) as though set forth at length herein.

23.   Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24.   As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

25. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-four (24) as though set forth at length herein.

26. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite her request for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that were a constant disruption to her daily life.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paula Williams, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

CHAMI LAW, PLLC

Date: August 20, 2020

By: */s/Tarek N. Chami*
Tarek N. Chami, P76407
22000 Michigan Ave, Suite 200
Dearborn, MI 48124
T: (313) 444-5029
tarek@chamilawpllc.com
*Attorneys for Plaintiff*
*Paula Williams*

- 7 -